Good morning. If it pleases the court, counsel, my name is Greg Johnson and I represent the appellant, Ruben Decker, in this matter. We are requesting that the court reverse the decision of the district court which found that the owned vehicle liability coverage provided by Great West did not obligate them to provide permissive user coverage to Michael Selle for an accident that occurred in December of 2012. There are two primary legal issues before the court. One is whether the compulsory liability statutes of the Minnesota No-Fault Act, specifically Section 65B48, Subdivision 1 and 65B49, Subdivision 3.1 require, they ensure that being Great West to extend permissive user coverage in this situation. And the second issue is, assuming that the No-Fault Act requires that, whether their exclusion in this situation is void and unenforceable because it omits the coverage required by the No-Fault Act. The court's review in this case is de novo and I thought I'd address, I think the best way to address the first issue, that being whether the No-Fault Act requires permissive liability coverage for permissive users would be, by way of hypothetical, to kind of get to the core differences between the parties. And so the hypothetical is as follows. I'm from Minnesota and I have a SUV and some buddies from Minnesota, we're going to go hunting, let's say, and we want to go hunting out of the Black Hills in South Dakota. And so my SUV that we're taking on the trip is insured with American Family and let's say there's a million dollar liability limit on my car. So we're driving down there, I drive from St. Paul down to, let's say, Sioux Falls and then I ask my buddy Tim to drive the car. And everybody else, myself included, we're taking a nap while Tim is driving the car. And somewhere between Sioux Falls and Chamberlain, South Dakota, Tim falls asleep at the wheel, crashes, you know, single car accident, crashes into a pole and injures everybody in the car, including myself. Now with regard to all the injury claims, all the passengers are going to make injury claims against Tim for negligence in the operation of the vehicle. And the question then would be whether my American Family policy, whether the owned vehicle liability coverage of my policy would have to extend permissive user coverage to Tim. Our position, Mr. Decker's position, is that yes, of course, and for six reasons that I'll provide, Great West's position would be that no, they would not have to provide coverage to Tim for that accident. For two reasons that I will discuss subsequently, but those two reasons are, one, the vehicle owner, that being me, had no tort liability for the accident because South Dakota, unlike Minnesota, is not one of the 12 jurisdictions in the country that have vicarious liability for vehicle owners. And so Great West contends that because there's no vicarious liability on the part of myself in this hypothetical, that they would not, the American Family would not have to provide Tim coverage, liability coverage. Their second reason is that Tim is not a insured under 65B43 Subdivision 5 of the No Fault Act because he's not a resident relative of me. And I'll discuss why those arguments have no basis in the No Fault Act and there's actually no affirmative authority that supports their two positions on that. With regard to our position, Decker's position, for this hypothetical, there's several reasons why American Family, in that case, would have to afford him, Tim, liability provision for liability coverage that requires the coverages that are mandated by the No Fault Act have to extend regardless of where the accident occurs in the United States and also in Canada. So whatever coverages are mandated by the No Fault Act doesn't matter where the accident occurs. That's number one. The second thing I would point to is just the purpose of liability coverage under the No Fault Act and under the No Fault Act, it's referred to as residual liability coverage. That's owned vehicle liability coverage that I'm talking about. But if they, way back in 1985, the Minnesota Supreme Court noted what the purpose of owned vehicle liability coverage was and that was in the briefs where the court said, quote, liability insurance is purchased by an owner of a vehicle to protect passengers in that vehicle from a negligent driving of the owner or another driving the vehicle. Counsel, perhaps you're getting to this, but in your hypothetical, Tim is clearly operating the vehicle. And in this case, is Mr. Sell operating the truck? Yes. That was, in fact, the operation of a vehicle is a subset of the use of a vehicle. And so they acknowledged in their discovery responses that the injuries arose out of the maintenance or use of the involved semi-tractor-trailer. And so he was operating the tractor-trailer? Correct. Loading a tractor-trailer is an operation of a vehicle just as is driving a vehicle. That was actually extensively briefed below in the summary That was an issue there, but for purposes of liability coverage in their discovery responses, they acknowledged that the injuries arose out of the use of the semi-tractor. So after the Meyer decision in 1985 explaining that liability coverage is for, the purpose of it is for passengers who are injured by either the driver, the vehicle Third, the No Fault Act has always required that a policy of insurance on the owned vehicle has to insure against losses arising out of the maintenance, operation, or use of a motor vehicle, which occurred in the hypothetical and in the case before the court. Fourth, and this is probably the most significant aspect of the statutory system, is that under 65B49 Subdivision 3.1, the Minnesota Supreme Court has determined and interpreted that to require that liability coverage must follow the vehicle, regardless of who's using it, operating it. It's a coverage that is tied to the vehicle and has to follow the vehicle, and that's the Lobeck case and the Witness case that both cite that proposition. So between those two principles that a motor vehicle policy has to insure injuries arising out of the use of a vehicle and that the coverage has to follow the vehicle, the courts have held in numerous cases, the Witness case, Hertz case, McLean, Meyer versus, I think it's Noken, the State Farm versus Universal case, and Mutual Service case, that the No Fault Act requires a coverage for the permissive operation of a motor vehicle. And in fact, I just want to quote a few things from the Supreme Court's decision in Witness. They stated, quote, residual liability coverage must cover the vehicle, even if a permissive driver is at fault. They also stated, if the insured vehicle is the at-fault vehicle, there will be liability coverage, close quote. Finally, or additionally, they stated, permissive drivers are covered under the insurance of the vehicle they are driving. That's the whole case here that's before the court. And they've also construed the statute to require the same permissive user coverage that existed under the prior financial responsibility statute that existed prior to 1974. The No Fault Act went into effect January 1 of 75. Prior to that time, we were a financial responsibility jurisdiction. And the court in Witness stated that the coverage under the No Fault Act is the same permissive user coverage that was required under 170.40 subdivision 2 of the old statute. So against that background, it's apparent, it's clear that in this hypothetical that American family would be required to extend permissive liability coverage to Tim. And in our case before the court, that Great West is similarly obligated to provide permissive liability coverage to Sully for injuries arising out of the use of the semi-tractor trailer. The second issue, major issue in the case, is what happens then when a policy omits coverage that is required by law. And in the Hertz case and other cases that I said in their brief, when a policy omits coverage required by the No Fault Act, that provision is void and unenforceable. And then you apply the balance of the policy up to its limits. And that's what we have in this case. We have a permissive user exclusion that excludes coverage only for a permissive user. It does not exclude coverage for the named insured. And the Minnesota Supreme Court and Court of Appeals have issued three decisions, all of which have held that permissive user exclusions are void and unenforceable. There are several foreign cases as well. Every jurisdiction under a compulsory liability insurance law, every jurisdiction that has directly addressed this exclusion, has found it void and unenforceable because it omits the permissive user liability coverage required by law. And I'd like to reserve the balance of my time for rebuttal. Thank you. Ms. Novotny. May it please the court, my name is Tamara Novotny and I represent Great West Casualty Company. Mr. Decker's request to have the moving property provision found in the Great West policy declared void and unenforceable must be denied. The terms of the Great West insurance policy, like any contract, must be applied and interpreted and enforced as they are written. That contract sets out Great West's obligations so long as the policy does not omit coverage required by the law or violate any statutes. And this provision does not violate the law or any statutes. Now in this case, KW Trucking owned the trailer. And as required by 65B.48 and 65B.49 subdivision 3.1, KW Trucking, as the owner, carried insurance on that trailer. And that insurance included liability coverage that well exceeded the statutory limits. So the question is, when does that policy have to provide liability coverage and to whom? And the answers to that question are really found in a statute that Mr. Decker really wants to ignore. And that is 65B.49 subdivision 3.2. This statute, unlike 65B.48, which talks about an owner's obligations, 65B.49 is entitled insurers and it addresses an insurer's obligations. And in subpart 3.2, the first part of it addresses owned vehicle liability coverage. And it says, quote, under residual liability insurance, the reparation obligor, again that's the term for an insurer, so Great West, shall be liable to pay on behalf of the insured, sums of which the insured is legally obligated to pay as damages. Now the No Fault Act tells us who is an insured. The definition is found in 65B.43 subdivision 5. That definition has been there since the No Fault statute was enacted. And consequently, any time you see the word insured used anywhere in the No Fault Act, we can and we should go back to that definition and see, well, who is an insured? Who under 65B.49 must an insurer pay residual liability benefits for? And when you look at that definition, it explains that an insured is the named insured, so KW Trucking, or a spouse, relative, or minor residing with the named insured. There's no dispute here that Michael Selle does not fall within any of those categories. He is not an insured under the No Fault Act. So, Counsel, what's your reaction then to Mr. Johnson's hypothetical with Tim, the driver, driving down to Sioux Falls and there's an accident. Is it your position that he is not covered? Yes, most likely that would be our position. You know, you have to look at the definition of insured and get how that's used in the No Fault Act. That insured definition clearly does not include permissive drivers or permissive users. Now, Minnesota used to have what is a traditional omnibus statute way back under the Safety Responsibility Act. It was required that a vehicle owner's insurer not only insure the person's named in the insurance policy, but they also had to insure anyone who was permissively using that vehicle. That omnibus statute was repealed way back in approximately 1974, at the same time that the No Fault Act was being enacted. That provision, that omnibus provision or any similar languages was not carried over into the No Fault Act. Consequently, as Mr. Decker's counsel has recognized, and this is in the appendix at page 68, quote, the Minnesota No Fault Act has never, and I'll repeat, never contained a statute requiring the policy issued to the owner extend omnibus coverage to a permissive user of the vehicle. That is a correct statement of the law. There is no requirement that a vehicle owner's insurer provide coverage for permissive users. Now, so there is no requirement. Mr. Tseli is not an insured. If you look in Apply 65B.49 in the definition, he's not entitled to coverage. Now, that does not mean that there's never going to be liability coverage. This brings us to the when do you have to provide liability coverage. And the cases, and Mr. Decker notes in his briefs, this includes the Witness case, they talk about that the No Fault Act did not alter the basic framework of liability law. So what remains true is that you can have two situations generally where you're going to be liable. You can be directly liable or you can be vicariously liable. So in this case, if KW Trucking had somehow been directly at fault with respect to Mr. Decker's accident, KW Trucking would be liable and Great West would have to pay liability coverage. Similarly, if there was a basis for finding KW Trucking to be vicariously liable for Mr. Tseli's conduct, again, there would be vicarious liability on behalf of KW Trucking, the insured, and Great West would have to pay liability coverage. Now in this case, similar to the scenario that Mr. Decker's counsel laid out, as a general rule, Minnesota has a statute, and this again did survive and get carried over from the Safety Responsibility Act, but 169.09 subdivision 5A provides that persons who are operating a vehicle with the consent of the owner will be deemed the agent of the owner if there is an accident. So as a general rule, if someone else is driving your vehicle with permission, they're going to be your agent, you're going to be vicariously liable for their negligence. However, in drafting that statute, and this is true from way back before it was in the Safety Responsibility Act and after it was moved into 169, that statute is limited to operation within the state, so within the state of Minnesota. So clearly the legislature does recognize that there's going to be different coverage depending on if you're in Minnesota or if you're outside of Minnesota. Even the No Fault Act recognizes that you're not going to have to have universal coverage for everyone everywhere. 65B.42, for example, which talks about the purposes of the No Fault Act, it talks about protecting uncompensated persons for accidents in the state, and that's in the state of Minnesota. Even 65B.46, which talks about when is someone entitled to basic economic loss benefits, it distinguishes between accidents happening in Minnesota and accidents happening out of state. So there is nothing that says you have to provide coverage to everyone everywhere and in every circumstance. Now, you'll see in the briefs, and Mr. Decker's counsel has discussed it, but there's some passing references where courts have referred to there being omnibus coverage or permissive user coverage. Notably, none of those cases really explain how they can find that there is any such obligation. They certainly can't point to anywhere within the actual statute. More importantly, however, none of those cases address the scope of any supposed omnibus coverage or permissive user coverage. And perhaps more importantly, none of them say that this coverage, if it even has to be provided, and we believe it does not, none of them say it has to be unlimited coverage, that you can never have any sort of restrictions. And in fact, the Minnesota Supreme Court has said just the opposite. The Minnesota Supreme Court, including in the Lobeck case that we discuss in our materials, explains that the primary purpose of the No-Fault Act is to provide first-party benefits as opposed to third-party benefits, and that's what we're talking about. Liability coverage is third-party benefits. And the Minnesota Supreme Court has explained because the focus is on first-party benefits, it'll be a lot harder to have any restrictions on first-party coverage, but you can have some restrictions on third-party coverage. In the Lobeck case, the Minnesota Supreme Court said, quote, while the No-Fault Act requires an automobile insurer's policy to include third-party liability coverage, there is nothing in the No-Fault Act, either explicit or implicit, that prohibits insurance companies from including some restrictions on liability coverage in their contracts. And that's all that Great West did here. And I think it's worth noting that even though first-party benefits are the focus of the Act, the Act as it's written actually limits the circumstances in which even first-party benefits are permitted in a moving property situation, in a loading or unloading situation. So even unlimited coverage is not required in that context. So certainly it seems reasonable that having some restrictions with respect to moving property on the third-party benefit side would be entirely permissible. And there's just a real practical reason for having this provision. The No-Fault Act applies to any of us who have an auto in Minnesota. And so let's just say, you probably don't live in Minnesota, but let's say your owner's decided this weekend you want to do a project. And you go to your local hardware store, and you buy some lumber, and you pull your car around to the back. The nice hardware store employee, with your permission, starts loading the lumber into your vehicle. And he doesn't do a very good job. Some lumber falls out, it hurts you, it hurts someone else walking by. Under Mr. Decker's argument, your insurance policy, the premiums that you paid, would have to provide liability coverage for that employee's negligence. Even though you didn't control that employee, you didn't hire that employee, you didn't train that employee. He's just loading wood into your car. Now you take that scenario and you move it into the commercial vehicle context, and that becomes very real. Because commercial vehicles, commercial trailers are being loaded and unloaded all the time, sometimes multiple times a day. So you have trailers that back up to a warehouse, and a warehouse employee is loading or unloading that trailer. And they screw up. What this provision says is we're going to limit the coverage. We're not going to insure everyone who possibly loads or unloads this trailer. People who have no relationship to the named insured or to Great West. We're just not. We are going to provide coverage if it's a KW trucking employee, or lessees, or borrowers, or any of their employees who are negligent while moving property. There is coverage there, but we're not going to provide coverage to the world because they cannot. Without that limitation, the risk obviously would increase substantially. And we all know what that means. Premiums will go up. And you're probably going to have motor carriers and owner-operators who just cannot pay those increased premiums, and will probably be driven out of the business. So there's a real practical reason for having this provision. In those scenarios, there should be coverage. That warehouse should have liability coverage for its employee who's moving property into or out of a vehicle. And in this case, Mr. Selle should have had liability coverage. He acknowledges that he should have had coverage. Unfortunately, it had been canceled. And he chose to continue doing this operation knowing he did not have that coverage in place. If he did not, the hay broker that hired him should have had liability insurance. The fact that they failed to have liability insurance in place does not make the Great West provision invalid. The Great West provision is entirely consistent with the No Fault Act and the cases that interpret it. For these reasons, we would request that you affirm the district court's decision, finding that the moving property provision is valid. Just briefly, we'd also like to ask that you deny Mr. Decker's motion seeking to certify these issues to the Minnesota Supreme Court. Obviously, we believe that the No Fault Act and the many cases discussed in our brief answer these questions and certainly provide clear guidance as to how these questions should be answered. The motion should also be denied, however, because it's untimely. If Mr. Decker really thought that these issues required to be addressed by the Minnesota Supreme Court, he should have brought that motion to certify before the district court, before the motions for summary judgment, before the unfavorable summary judgment ruling, and before the appeal and the brief submitted to this court. So unless there are any questions, we'd ask you to affirm the district court's decision but deny the motion to certify. I'd like to address their argument that Mr. Selle or Tim in the hypothetical is not entitled to coverage because they're not insured under 65B43 Subdivision 5. 65B43 Subdivision 5 only applies to the portable coverages that are mandated by the No Fault Act. That's your no fault coverage, your underinsured and your uninsured coverage and since 2002 the amendment to non-owned vehicle liability coverage. No case in Minnesota has ever held that that provision can restrict permissive user liability coverage. If that was the case, if that was actually the case, anybody that issues, any carrier that issues a business auto policy in the state of Minnesota would not have to afford coverage for permissive users, any permissive users in the state of Minnesota because the permissive user is not the spouse or a resident relative of the named insured business. That would require the court to overrule four or five different cases that have been decided by the Minnesota Supreme Court and Court of Appeals including Hertz, including McLean, including Agency Renicar and others that I cited in the brief. There's no logical sense whatsoever. The Minnesota Supreme Court in the Witness case specifically said that owned vehicle liability coverage extends to permissive users, period. And that's as clear as it can be. Secondly, even assuming, even if that 65B43 subdivision 5 applied to owned vehicle liability coverage as they suggest, it cannot be construed to restrict it to only permissive users that fall within that definition because the Witness case interpreted two statutes that have never been amended since the Witness decision was decided. And therefore, the Witness decision requires all permissive users to be insured. That's the law of the state of Minnesota. Thank you. Thank you. If there are no further questions, thank you very much for your time. The matter is taken under advisement. We appreciate the argument in the briefs. We'll get back to you as soon as we can.